IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| OAK PLAZA, LLC | : |
| v. | : Civil Action No. DKC 22-0231 |
| DAVID T. BUCKINGHAM, et al. | : |

**MEMORANDUM OPINION**

After the court resolved cross-motions for summary judgment, and denied motions for reconsideration, Defendants filed a Motion for Certification of the Appealability of certain orders (ECF No. 144) and then a Notice of Interlocutory Appeal (ECF No. 145)[1]. For the following reasons, the Motion for Certification of Appealability will be denied.

---

[1] The Clerk transmitted the Notice of Appeal to the United States Court of Appeals for the Fourth Circuit, but the appeal has not been docketed there. Rule 5 of the Federal Rules of Appellate Procedure governs the process and the Fourth Circuit has promulgated Local Rule 5 for using the miscellaneous docket for a petition for permission to appeal. It does not appear that Defendants have followed the proper procedure. The question arises whether the filing of the notice of appeal divests this court of jurisdiction to rule on the motion or conduct any other proceedings. The Ninth Circuit has decided that a notice of appeal for an interlocutory order is only "filed" with the appellate court when that court grants permission to appeal. *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885-86 (9th Cir. 2001). Because this court's ruling is a prerequisite to consideration of the interlocutory appeal by the Fourth Circuit, the court assumes it has jurisdiction to consider Defendants' motion.

As this court noted, "'[Section] 1292(b) [of Title 28] provides a mechanism by which litigants can bring an immediate appeal of a non-final order upon the consent of both the district court and the court of appeals.' *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982)." *Butler v. DirectSAT USA, LLC*, 307 F.R.D. 445, 451-52 (D.Md. 2015).  Section 1292(b) states in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

A putative appellant must "show[] (1) that the desired appeal 'involves a controlling question of law'; (2) 'there is substantial ground for difference of opinion'; and (3) 'an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *Ekstrom v. Cong. Bank*, No. 20-cv-1501-ELH, 2021 WL 119000, at *2 (D.Md. Jan. 13, 2021).  All three requirements must be satisfied.  Here, it will only be necessary to examine the first because Defendants seriously misapprehend the meaning of "question of law."

> The term "question of law" for purposes of section 1292(b), refers to "a question of the meaning of a statutory or constitutional provision, regulation, or common law

>doctrine," *Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F.Supp.2d 612, 623 (D.Md. 2013), as opposed to "questions of law heavily freighted with the necessity for factual assessment." *Fannin v. CSX Transp., Inc.*, 873 F.2d 1438, at *5 (4th Cir. 1989) (unpublished table decision). "Such 'questions of law' have usually been thought not the kind of 'controlling' question proper for interlocutory review under § 1292(b) [,]" because they "inflict[ ] upon courts of appeals an unaccustomed and illsuited role as factfinders." *Id.*; *see also In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 626 (7th Cir. 2010) ("[A] pure question of law [is] something the court of appeals could decide quickly and cleanly without having to study the record[.]"). Rather, a "controlling question of law" applies to a "narrow question of pure law whose resolution would be completely dispositive of the litigation, either as a legal or practical matter." *Fannin*, 873 F.2d at *5.

*Butler*, 307 F.R.D. at 452.  Stated differently,

>This requirement [controlling question of law] is divided into its two components: the question must be one of law and it must be controlling. To be a question of law appropriate for interlocutory review, that question must be "a pure question of law, *i.e.*, an abstract legal issue that the [district court] can decide quickly and cleanly." *U.S. ex rel. Michaels v. Agape Senior Cmty., Inc.*, 848 F.3d 330, 341 (4th Cir. 2017) (citations and internal quotations marks omitted). That question of law must not turn on genuine issues of fact or depend on whether the court properly applied settled law to the facts. *Id.*

3

*Apex Funding Source, LLC v. Williams Land Clearing, Grading & Timber Logger, LLC*, No. 5:24-cv-00116-BO, 2024 WL 3678353, at *2 (E.D.N.C. Aug. 5, 2024).

Merely reciting the so-called questions of law proposed by Defendants starkly demonstrates that none of them are sufficiently circumscribed:

> 1. Whether Plaintiff's claims against all Defendants are barred by the Statute of Limitations.
> 2. Whether Plaintiff's claims against Defendant McNutt for malpractice are barred by the Statute of Limitations.
> 3. Whether Plaintiff's claims are barred by the doctrine of laches related to the failure of the two Buckingham brothers, Daniel and Thomas, who erroneously claim to be managers of the Tower Oaks Boulevard, LLC entity, to pursue any cause of action, or any action for that matter, until November 2021, relative to the funds they claimed but were distributed by the Montgomery County Circuit Court in March, 2017.
> 4. Whether the court correctly applied the standards of Fed.R.Civ.P. 56(c) in overruling Defendants' contention that their grounds for relief were properly supported by facts, themselves supported by Court Orders, & Declarations, and numerous other court and other public documents and were not adequately disputed by the Plaintiff.  At the same time, Plaintiff did not adequately support any of its purported facts with adequate citations to the record, all of which purported facts were disputed by the Defendants by documents, declarations and other citations to the record.
> 5. Whether the court erred in allowing an adverse party in litigation to sue opposing counsel for malpractice.
> 6. Whether the court erred in relying on the Circuit Court Judgment Order which was entered

>in a case in which the sole issue was the right to dissolve Oak Plaza.  None of the Defendants were parties to that litigation, and, except for the misplaced and denied, February 2018 motion for injunctive relief, no part of that litigation and no part of the evidentiary hearing on dissolution, related to the fund disbursed in March 2017, a disbursement known to the Buckingham Brothers in March 2017.
>7. Whether the Circuit Court erred in not granting summary judgment in favor of the Defendants based upon their Circuit Court assignments of the funds of which the Plaintiff complains, which assignments were made and recorded in the so-called Cohen Litigation (the source of the distribution which is the subject of the pending litigation in the District Court.)

(ECF No. 144, at 15-16).

Defendants, who quarrel primarily with this court's assessment of the facts, have failed to show that the proposed appeal involves questions of law as that term applies in this context and their motion will be denied.

                                       /s/
                              DEBORAH K. CHASANOW
                              United States District Judge

5