IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

OAK PLAZA, LLC       :

             :

 v.         : Civil Action No. DKC 22-0231

             :

DAVID T. BUCKINGHAM, et al.

             :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this state law fraud case originally brought by the receiver for a limited liability company is the motion to intervene filed by John Daniel Buckingham, Jr. ("Daniel Buckingham"). (ECF No. 165). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to intervene will be denied.

## I. Background

The background of this long-running, contentious dispute was most recently recounted by this court in August 2024, when Daniel Buckingham was first seeking to intervene in this litigation:

> In short, Oak Plaza, LLC ("Oak Plaza" or "Plaintiff") is the sole member of Tower Oaks Boulevard, LLC ("Tower Oaks"). (ECF No. 104-4, at 46). A 2007 amendment to Oak Plaza's Operating Agreement designated Daniel Buckingham, Thomas Buckingham, David Buckingham, Richard Buckingham, Susan Buckingham, and John D. Buckingham as Oak Plaza's members. (ECF No. 104-7, at 7). On October 17, 2012, John D. Buckingham (the

father of the other Buckinghams) passed away. (ECF No. 93-4 ¶ 42). Thomas Buckingham ceased to be a member of Oak Plaza after he declared bankruptcy in 2012, 2015, and 2016. (ECF Nos. 96-4, at 4; 104-3, at 4). On September 10, 2012, Tower Oaks sued several defendants—including a company named Ronald Cohen Investments—in the Circuit Court for Montgomery County (the "Circuit Court"). *See* Docket, *Tower Oaks Blvd., LLC v. Ronald Cohen Invs., Inc. et al.*, No. 368256V (Circuit Court for Montgomery County) (the "*Cohen* Litigation"); (ECF No. 86-8, at 27). On May 23, 2014, the *Cohen* Litigation resulted in a multi-million-dollar judgment in Tower Oaks' favor. (ECF Nos. 96-5 at 5; 104-4, at 5).

On March 6, 2017, Mr. McNutt picked up a check containing funds partially satisfying the judgment in the *Cohen* Litigation (the "Funds") from the Circuit Court's Court Registry made payable to Tower Oaks and later deposited the check in a bank account (the "Bank Account") in Tower Oaks' name at Access National Bank in Virginia. (ECF Nos. 96-5 at 6; 104-4, at 6). At the. . . direction [of Susan Buckingham, David Buckingham, and Richard Buckingham (collectively, the "Siblings")], Mr. McNutt disbursed the Funds to the Siblings on three separate dates: March 14, 2017, April 16, 2018, and January 16, 2019. (*See* ECF Nos. 93-3 ¶ 91; 104-13, at 16, 21, 31). Mr. McNutt also disbursed the Funds to himself and his law firm. (ECF No. 96-5, at 6-7).

On March 29, 2017, Thomas and Daniel Buckingham filed a complaint in the Circuit Court seeking the dissolution of Oak Plaza (the "Dissolution Case"). *See* Docket, *Buckingham v. Oak Plaza, LLC*, No. 431544V (Circuit Court for Montgomery County); (ECF Nos. 86-9, at 7; 85-7). On September 20, 2018, the Circuit Court issued an opinion and order dissolving Oak Plaza. (ECF Nos. 96-4; 104-3). On November 21, 2018, the Circuit Court

2

> appointed Samuel Williamowsky ("Mr. Williamowsky") as an auditor "to determine if there are any assets to be wound up and whether or not [Tower Oaks] has any assets which are properly under the jurisdiction of the Court." (ECF Nos. 96-10, at 1; 104-9, at 1).  On June 26, 2020, Mr. Williamowsky filed his audit report (the "Audit Report"), which determined that "the only asset of Oak Plaza . . . was its unliquidated interest in its wholly owned subsidiary, Tower Oaks . . . , and potential direct and derivative causes of action to recover . . . funds received and paid out by [Tower Oaks.]"  (ECF Nos. 96-5, at 4; 104-4, at 4).  The Circuit Court then appointed Keith J. Rosa ("Mr. Rosa") to be "Receiver of Oak Plaza."  (ECF No. 1-6, at 36).

(ECF No. 142, at 2-4).  Mr. Rosa, acting as Oak Plaza's receiver, filed the current action against Susan Buckingham, David Buckingham, Richard Buckingham, and Philip McNutt (collectively, "Defendants") in the Circuit Court on November 19, 2021.  (*Id*. at 4).  Mr. McNutt removed the case to this court on January 31, 2022.  (*Id.*).

Daniel Buckingham first filed a motion to intervene on May 26, 2024, (ECF No. 122), which the court denied on August 8, 2024, (ECF Nos. 142, 143).[1]  Daniel Buckingham filed a second motion to

---

[1] Daniel Buckingham initially moved to intervene alongside his brother, Thomas Buckingham.  (ECF No. 122).  The court found Thomas Buckingham was precluded from intervening because he did not have a direct interest in the funds at stake in this case. (ECF No. 142, at 11).  The second motion to intervene, (ECF No. 165), states that it is brought by both Daniel and Thomas Buckingham, (*id*. at 1), as does the form order, (ECF No. 166). However, the memorandum in support, (ECF No. 165-1), reply, (ECF No. 169), and additional notices, (ECF Nos. 167, 172, 173), all

intervene (styled as a "Renewed Motion to Intervene") on October 16, 2025. (ECF No. 165). He filed multiple notices associated with the motion, all of which were filings from the Dissolution Case in Circuit Court: a copy of Mr. Rosa's motion to withdraw as receiver, filed in this court on October 22, 2025, (ECF No. 167); Defendant McNutt's response to the receiver's motion to withdraw, filed in this court on November 11, 2025, (ECF No. 172); and the Circuit Court's notice of hearing, filed in this court on December 31, 2025, (ECF No. 173). Defendants opposed the motion to intervene in a response filed on October 28, 2025, (ECF No. 168), and Daniel Buckingham replied on October 30, 2025, (ECF No. 169). Plaintiff also filed an opposition to the motion to intervene on October 30, 2025, (ECF No. 170), and Daniel Buckingham did not reply. Mr. Rosa filed a motion to withdraw as counsel for Oak Plaza on March 18, 2026, (ECF No. 178), attaching the order from the Circuit Court granting his motion to withdraw as receiver, (ECF No. 178-1). The court granted the motion to withdraw as counsel the next day, (ECF No. 179).

---

state they are filed by Daniel Buckingham only. The court will assume that Daniel Buckingham is the only proposed intervenor.

4

## II.  Standard of Review

Fed.R.Civ.P. 24 governs motions to intervene.  This court previously outlined the law on moving to intervene as of right under Rule 24(a) in response to Daniel Buckingham's last motion:

> According to Rule 24(a) of the Federal Rules of Civil Procedure,
>
> > [a] party may intervene as of right when it "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."
>
> *Am. Coll. of Obstetricians & Gynecologists v. United States Food & Drug Admin.*, 467 F.Supp.3d 282, 286 (D.Md. 2020) (quoting Fed.R.Civ.P. 24(a)(2)).  To establish the right to intervene in an action under Rule 24(a), an intervenor must (1) submit a timely motion; (2) demonstrate a "direct and substantial interest" in the property or transaction; (3) prove that the interest would be impaired if the intervention was not allowed; and (4) establish that the interest is inadequately represented by existing parties.  *First Penn–Pacific Life Ins. Co. v. William R. Evans, Chartered*, 200 F.R.D. 532, 536 (D.Md. 2001) (citing *In re Richman*, 104 F.3d 654, 659 (4th Cir. 1997)).  A party moving for intervention under Rule 24(a) bears the burden of establishing a right to intervene, and must do so by satisfying all four requirements.

(ECF No. 142, at 6).

Parties can also move to intervene permissively under Fed.R.Civ.P. 24(b). "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed.R.Civ.P. 24(b)(1)(B). The Rule requires that the court consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Id.* 24(b)(3). The Court can consider factors such as judicial economy, fairness to the parties, and the balance of the equities. *In re Sanctuary Belize Litig.*, No. 18-cv-3309-PX, 2025 WL 1382894, at *4 (D.Md. May 13, 2025) (citing *In re Sierra Club*, 945 F.2d 776, 779 (4th Cir. 1991)). Whether to allow intervention is in the sound discretion of the court. *Id.*

## III. Analysis

Daniel Buckingham moves to intervene under Fed.R.Civ.P. 24, both as of right and permissively. (ECF No. 165-1, at 1). As with Daniel Buckingham's first attempt, his request to intervene as of right will be denied because it is untimely and his interests are adequately represented by Plaintiff. Because he has provided no reason why his untimely motion to intervene would not prejudice Defendants, the court will also deny his request to intervene permissively.

6

### A.    Intervention as of Right

Nearly a year and a half before filing his current motion, Daniel Buckingham filed his first motion to intervene as of right, (ECF No. 122), which the court denied, (ECF No. 142).  As relevant here, the court denied Daniel Buckingham's motion because the motion was untimely and he had not "shown that [his] interests are inadequately represented by Mr. Rosa."  (*Id.*, at 12).  The same reasons require another denial of intervention by right.[2]

First, there can be no reasonable argument that Daniel Buckingham's motion was timely.  A year and seven months have passed since this court first found that his motion to intervene was untimely, and unsurprisingly, the possible burden to the Defendants of his intervention has only grown.  "The purpose of the [timeliness] requirement is to prevent a tardy intervenor from derailing a lawsuit within sight of the terminal."  *Scardelletti*

---

[2] As with his last motion to intervene, Daniel Buckingham failed to attach a pleading laying out the proposed claim or defense for which intervention is sought as contemplated in Fed.R.Civ.P. 24(c).  As in their opposition to the last motion to intervene, Defendants argue that the entire motion should be stricken from the record for this reason.  (ECF No. 168, at 6). As explained in the last opinion on this issue, the court declines to do so.  "[W]hen the moving party fails to comply strictly with the requirements of Rule 24(c), the proper approach is to disregard non-prejudicial technical defects." *Spring Constr. Co. v. Harris*, 614 F.2d 374, 376–77 (4th Cir. 1980).  "Given that the motion to intervene provides adequate notice regarding Prospective [Intervenor's] interest in the litigation, it does not fail solely by virtue of noncompliance with Rule 24(c)."  (ECF No. 142, at 7 n.3).

*v. Debarr*, 265 F.3d 195, 202 (4th Cir. 2001) (quoting *United States v. S. Bend Cmty. Sch. Corp.*, 710 F.2d 394, 396 (7th Cir. 1983)), *rev'd sub nom. on other grounds*, *Devlin v. Scardelletti*, 536 U.S. 1 (2002).  "A reviewing court should look at how far the suit has progressed, the prejudice which delay might cause other parties, and the reason for the tardiness in moving to intervene."  *Gould v. Alleco, Inc.*, 883 F.2d 281, 286 (4th Cir. 1989) (citing *Pennsylvania v. Rizzo*, 530 F.2d 501, 506 (3d Cir. 1976)); *see also Alt v. U.S. E.P.A.*, 758 F.3d 588, 591 (4th Cir. 2014) (citing *Gould*, 883 F.2d at 286).  The parties have been progressing through mediation, have already received a ruling on summary judgment, and are discussing trial dates.  As the Defendants argued in their opposition to the last motion to intervene, "[t]here is clear prejudice to the Defendants in having to respond to a separate, new party, with new arguments and factual allegations more than [four] years into this litigation."  (ECF No. 131, at 10).

Additionally, Daniel Buckingham makes no effort to argue that his motion is timely.  Rather, he notes that he filed after he discovered that Mr. Rosa was planning to file a motion in the Circuit Court to withdraw as Oak Plaza's receiver.  (ECF No. 165-1, at 1).  "[A] delay in filing might be justified if a person never received notice of a class action implicating his interests, or if there had been a substantial 'change of circumstances' in

8

the case[.]"   *Scott v. Bond,* 734 F.App'x 188, 192 (4th Cir. 2018) (citations omitted) (quoting *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir. 2016)) (citing *Crawford v. Equifax Payment Servs., Inc.*, 201 F.3d 877, 881 (7th Cir. 2000)).   While the withdrawal of Mr. Rosa is a change in the case, Daniel Buckingham does not explain how Mr. Rosa's planned withdrawal justifies his egregiously delayed motion.   Once again, "failure to provide a reasonable explanation further weighs against finding timely intervention."   (ECF No. 142, at 10).

Second, Daniel Buckingham still has not shown that his interests are inadequately represented by Oak Plaza, even with the withdrawal of the receiver.   In fact, Daniel Buckingham suggests in his motion that his counsel, Marc Jordan ("Mr. Jordan"), represent Oak Plaza after Mr. Rosa steps down as receiver.[3]   (ECF

---

[3] Daniel Buckingham is the manager of Oak Plaza.   (*See* ECF No. 107, at 22).   By virtue of this authority, he is permitted to select counsel for Oak Plaza in this litigation.   (*See id.* at 3 ("Oak Plaza's manager has 'full, exclusive, and complete discretion, power, and authority, subject to the requirements of applicable law, to manage, control, administer, and operate the business and affairs of [Oak Plaza.]'" (quoting ECF Nos. 104-6, at 13; 87-1, at 13; 96-7, at 13))).   While not binding on this court, the Circuit Court suggested the same in their order granting Mr. Rosa's motion to withdraw as receiver: "ORDERED, that Keith J. Rosa shall cooperate with the manager of Oak Plaza, LLC, John Daniel Buckingham, so that John Daniel Buckingham and his counsel can, on behalf of Oak Plaza, LLC, continue the prosecution of the pending litigation titled *Oak Plaza, LLC v. David Buckingham, et al.*, [No. 22-cv-00231-DKC] currently pending in the United States District Court for the District of Maryland[.]"   (ECF No. 178-1, at 1).

No. 165-1, at 3 n.2 ("Oak Plaza is the plaintiff here; not a receiver's estate. The Court has recognized that Daniel Buckingham is the manager of Oak Plaza. If the receiver were to resign undersigned counsel would simply enter his appearance as counsel for plaintiff.")).  In fact, on March 12, 2026, Mr. Jordan filed his appearance on behalf of Oak Plaza.  (ECF No. 176).  Daniel Buckingham has not argued that he and Plaintiff no longer share the same interests, and both he and Plaintiff now have the same counsel.  The court will deny his untimely request to intervene as of right.

### B.   Permissive Intervention

The court will also decline to permit Daniel Buckingham to intervene permissively under Fed.R.Civ.P. 24(b).  No party disputes that Daniel Buckingham "has a claim or defense that shares with the main action a common question of law or fact." Fed.R.Civ.P. 24(b)(1)(B).  Considering judicial economy, fairness to the parties, and the balance of the equities, however, allowing intervention at this late date would "unduly delay or prejudice the adjudication of the original parties' rights."  *Id.* 24(b)(3).

As discussed above, the motion is untimely.  Mediation is ongoing, the parties are actively discussing trial dates, and the action has been pending in this court for over four years.  Daniel Buckingham provides no reason to excuse his untimely motion.  While

he notes that Mr. Rosa will be withdrawing as receiver, his counsel has made an appearance as Oak Plaza's counsel.   Oak Plaza is represented,   and   Daniel   Buckingham's   interests   are   well-represented by Oak Plaza.

Relatedly, allowing Daniel Buckingham's intervention at this time would prejudice the Defendants.[4]   Defendants have proceeded through   the   last   four   years   of   litigation   against   a   single Plaintiff, and gone through mediation under the same assumption. Allowing   Daniel   Buckingham   to   intervene   now   would   require additional discovery, briefing, and a delay in any future trial. "The   delay   caused   by   substantial   additional   litigation   can demonstrate prejudice to existing parties." *Scott*, 734 F.App'x at 192 (citing *Gould*, 883 F.2d at 286–87).   This prejudice makes permissive intervention inappropriate.

The balance of the equities also tips in favor of declining the motion to intervene.   Daniel Buckingham spends much of his motion to intervene lamenting how expensive it has been to pay the receiver working for Oak Plaza throughout this litigation, (ECF

---

[4] Defendants spend the bulk of their opposition targeting the independence of various parties, the merits of the receivership, and the actions at the Circuit Court.   (ECF No. 168).   But the sole issue in front of the court at this moment is Daniel Buckingham's   motion   to   intervene.   Despite Defendants' assumptions, (ECF No. 168, at 2), Daniel Buckingham is not asking (and this court is not deciding) to appoint Mr. Jordan as Oak Plaza's new receiver.

No. 165-1, at 1-2), particularly contrasted to the largely self-represented Defendants, (*id.*, at 1), and the contingency fee that Mr. Jordan has offered him in the event he is allowed to intervene, (*id.*, at 3). This court's role has never been to ensure that the parties are spending equivalent amounts. Additionally, permitting intervention on this basis would create a perverse incentive; Daniel Buckingham cannot manufacture the circumstances for intervention by refusing to pay the receiver. (*See* ECF No. 170, at 3 ("On October 22, 2025, after being informed that Daniel Buckingham would no longer advance Oak Plaza legal fees in the receivership, [Mr. Rosa] filed a motion with the Montgomery County Circuit Court requesting that he be allowed to withdraw as receiver.")). Daniel Buckingham's untimely motion to intervene will be denied, as it would prejudice the Defendants by unduly delaying this case's resolution.[5]

---

[5] While styled as a motion to intervene, Daniel Buckingham's memorandum in support also requests that the court "[d]irect defendant Phillip McNutt to turn over the Oak Plaza file," "[d]irect the parties to complete mediation," "[s]et a hearing for the purpose of entering a money judgment against the defendants," and "[s]et a date for the trial of all remaining claims." (ECF No. 165-1, at 4-5). Because the motion to intervene will be denied and Daniel Buckingham is not a party to this action, the remainder of his requests are denied. Similarly, Defendants' requests for "striking the Motion's argument unrelated to intervention, awarding costs and fees as appropriate, [and] staying this case for a period to allow the Circuit Court to rule on the Receiver's Motion and any related matters," (ECF No. 168, at 13), were not raised in a separate motion and will not be considered.

## IV.  Conclusion

For the foregoing reasons, Daniel Buckingham's motion to intervene will be denied.  A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge